IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| VINCENT X. LEE, Register No. 37915, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-4086-CV-C-SOW |
| | ) | |
| DAVE DORMIRE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### REPORT, RECOMMENDATION AND ORDER

     Plaintiff Vincent X. Lee, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

     Plaintiff names numerous defendants, including Missouri Department of Corrections personnel and Greene County Judges Calvin Holden and J. Miles Sweeney.

     In support of his claims for relief, plaintiff asserts that on one occasion, on April 8, 2006, he was sprayed with mace or pepper spray without good cause. In his motion submitted on April 21, 2006, plaintiff claims that he was not given a shower for two days, although it appears plaintiff had water in his cell with which to wash.

     Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915. Under section 1915, the in forma pauperis statute, the court must dismiss the case if it finds the action is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Additionally, if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under 28 U.S.C. § 1915(g). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." Id.

A review of the records reveals that plaintiff has been a frequent litigator over the years who has had several cases dismissed for failure to state a claim or because frivolous under 28 U.S.C. § 1915. See Lee v. Gammon, No. 98-0034 (W.D. Mo. 1998), in which it was determined that Lee was ineligible for in forma pauperis status because of the three-strike provision.

A review of the complaint indicates plaintiff is not under "imminent danger of serious physical injury." Thus, plaintiff's claims are subject to dismissal because he is a frequent litigator who is barred from filing further lawsuits in forma pauperis. If plaintiff's claims are dismissed as recommended, he must first pay the full filing fee if he wishes to reassert his claims.

Upon consideration of plaintiff's motion of April 21, 2006, it is

ORDERED that plaintiff is granted leave to submit Exhibit "D." [2] It is further

RECOMMENDED that plaintiff be denied leave to proceed in forma pauperis and his claims be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(g), because plaintiff has had three or more cases or appeals dismissed as frivolous or for failure to state a claim [3].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 2nd day of June, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge